**Anthony MOORE, Petitioner-Appellant,**

v.

**Louis WINN, Respondent-Appellee.**

**No. 14-16169**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted September 11, 2017 San Francisco, California

Filed October 2, 2017

Christopher Michael Rusby, Attorney, Rusby Law, PLLC, Reno, NV, for Petitioner-Appellant

Katherine Vail Foss, USTU-Office of the US Attorney, Tucson, AZ, for Respondent-Appellee

Before: KOZINSKI and FRIEDLAND, Circuit Judges, and BENNETT,* District Judge.

## MEMORANDUM **

Anthony Moore, a prisoner convicted in state court but housed in federal prison, appeals from the district court's judgment dismissing his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]

---

1. We assume without deciding that Moore's challenge was properly brought under 28 U.S.C. § 2241, based on the understanding from oral argument that Moore is challenging the federal Bureau of Prison's classification system.

The district court erred in holding that it lacked jurisdiction on the basis that Moore could not properly challenge the conditions of his confinement through a habeas petition. Under *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000), the court could review Moore's petition because it contests the "manner, location, or conditions of [his] sentence's execution." *See also Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). This court's decision in *Nettles v. Grounds*—which restricts the scope of habeas jurisdiction for *state* prisoners—is not to the contrary. *See* 830 F.3d 922, 931 (9th Cir. 2016) (noting that the court "need not address how the standard ... adopted here applies to relief sought by prisoners in federal custody").

On remand the court must consider whether Moore's claim is foreclosed by 18 U.S.C. § 3625, which this court has held precludes judicial review of "discretionary determinations" made by the Bureau of Prisons ("BOP") under 18 U.S.C. § 3621. *Compare Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that the district court lacked jurisdiction over habeas challenge to BOP's individualized placement determination), *with Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016) (holding that 18 U.S.C. § 3625 does not preclude claims that the BOP "acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621").

**VACATED and REMANDED.**